CONFECTIONERS' MACHINERY & MFG. CO. v. PANOUALIAS.

(Circuit Court of Appeals, Second Circuit.    December 12, 1904.)

No. 32.

1. PATENTS—CONSTRUCTION OF LICENSE CONTRACT—ROYALTY.

A contract which requires the licensee under a patent to pay a royalty on each machine "sold or delivered" covers machines delivered by the licensee to customers, but which were returned, and not paid for.

In Error to the Circuit Court of the United States for the Southern District of New York.

The plaintiff in error, who was the defendant below, brings this writ of error to review a judgment of $3,263.95, recovered against it in the Circuit Court for the Southern District of New York for royalties under a written agreement between the parties, dated August 21, 1901. The defendant in error, plaintiff below, is the inventor of certain improvements in chocolate coating machinery for which various letters patent were granted. The agreement in question grants the defendant an exclusive license under these patents, the defendant agreeing to manufacture machines containing the said improvements, to use its best endeavors to sell the machines in the United States and foreign countries and to render quarterly statements to the plaintiff. The clause of the agreement which is the subject of controversy is as follows:

"The party of the second part (defendant) agrees to pay unto the said party of the first part as royalties· or license fees a sum equal to twenty-five per cent. upon the gross selling price of each machine and each dipping-basket sold or delivered by the said party of the second part; the said royalties to be paid upon the said first days of January, April, July and October, for all machines and dipping-baskets sold or delivered during the preceding quarter."

The court denied the motion made at the close of the evidence to direct a verdict for the defendant and an exception was duly saved. The defendant also excepted to that portion of the charge where the court instructed the jury, in substance, that the plaintiff was entitled to recover royalties on all machines sold or delivered for use irrespective of the fact that the defendant took them back without being paid therefor. The only assignments of error argued relate to these two exceptions.

Avery F. Cushman, for plaintiff in error.

Geo. H. Taylor, Jr., for defendant in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge.    The exceptions present the single question whether under the terms of the agreement the plaintiff could recover for royalties upon .machines which the defendant had delivered to its customers but which had not been paid for and had been subsequently returned by them.

It is argued that although the contract requires the payment of royalties on all machines "sold or delivered," the intent of the parties was that payment should be limited to machines "sold and delivered" and that the court should have so interpreted the contract. We cannot accede to this view. There is no ambiguity about the contract; its language is perfectly plain. In the short clause providing for the payment of royalties the words "sold or delivered" are twice used. There is no room for interpretation.

There is no pretense of fraud and no evidence of mutual mistake, but even if there were, defenses based upon such considerations cannot be

availed of in a court of law. They should be presented to a court of equity. It seems improbable that there could have been any misunderstanding in the use of language deliberately chosen and twice repeated. There is certainly insufficient proof to warrant such a conclusion. The agreement was, perhaps, an improvident one for the defendant, but from the plaintiff's point of view the stipulation as to delivery was a wise precaution, for otherwise the defendant by entering into agreements with its customers which fell short of an actual sale could easily have defeated the payment of royalties.

The question whether or not actual deliveries were made was fairly presented to the jury and we see no reason for disturbing their verdict.

The judgment is affirmed.